[Civ. No. 14314. Second Dist., Div. Three. Jan. 20, 1944.]

CITY OF GLENDALE, Petitioner, v. ARTHUR A. HAAK, as City Controller, etc., Respondent.

Aubrey N. Irwin, City Attorney, and Henry McClernan, Assistant City Attorney, for Petitioner.

Frank M. Moody for Respondent.

BISHOP, J. pro tem.—The parties, desirous of obtaining a judicial opinion interpreting a provision of petitioner's charter, have presented twin questions in this proceeding. The respondent, petitioner's controller, has developed a doubt, the petition indicates, as to the legality of two appropriations made by the city council and as a result has declined to perform certain acts which it is plainly his duty to perform, if the appropriations are authorized by law. An alternative writ of mandate was issued ordering him either to perform his duty or to show cause why he had not done so. By way of a return respondent demurred generally. We have concluded that under the facts admitted by the demurrer, the city charter authorized the appropriations which were made, and that respondent's reluctance to recognize them should be overcome by a peremptory writ.

The legal questions involved are identical, and simple in their elements. Each arises out of section 11 of article XI of the Glendale City Charter which reads: "The total tax rate for any one year shall not exceed one per cent of the assessed valuation, unless a special tax be authorized, as provided in this charter; and the proceeds of any such special tax shall be used for no other purpose than that specified for which it was voted; provided, however, that in addition to said one per cent, there shall be included in every annual levy, a sufficient amount to cover all liabilities of the City for principal and interest of all bonds or judgments due and unpaid or to become due during the ensuing fiscal year and not otherwise provided for; provided, further, that in addition to the taxes above mentioned there shall be levied a tax not exceeding fifteen cents on each one hundred dollars of the assessed valuation for the Library Fund; provided, further, that in addition to the taxes above mentioned, the Council may levy a tax not exceeding fifteen cents on each one hundred dollars of assessed valuation for parks, playgrounds and recreation centers; provided, further, that in addition to the taxes above mentioned, there shall be levied a tax not exceeding fifteen cents on each one hundred dollars of the assessed valuation for the Fire and Police Retirement System. If the Council shall fail to fix the tax rate at the proper time, the rate for the preceding fiscal year shall be adopted and used." The assessed valuation of property subject to city taxes in the city of Glendale this fiscal year is $68,014,900, so that a tax

of fifteen cents per $100 valuation would raise $102,022.35. The validity of the appropriations to which the respondent is asked to give effect is in question because a sum in excess of $102,022.35 had already been appropriated for parks, playgrounds and recreation centers before the new appropriation for these purposes was ordered, and the new appropriation for library purposes will make the total current library appropriation exceed $102,022.35. Therefore, argues respondent, the further appropriations from the city's General Reserve Fund which he is asked to honor, are invalid, not because either object is one for which an appropriation may not lawfully be made from that fund, but because appropriations may not be made, for either object, in excess of fifteen cents per each $100 of the assessed valuation.

We do not share respondent's doubt. The purpose of the first "provided, further," portion of the charter section was to require, the purpose of the second "provided, further," provision was to authorize, the raising of taxes, for the special objects mentioned, in addition to the $1.00 per $100 valuation which could be made for general purposes. The limitation that is made is upon the amount of additional tax that must be, and upon the amount that may be, raised. There is no suggestion in the section that of the amount raised by the levy of the $1.00, or less, per $100 valuation, only 15 per cent, or any other maximum, may be devoted to library or to park purposes; nor is the fifteen cents per $100 limitation made referable to any appropriation from any source. We see no purpose in embellishing further the statement of our conclusion. We have weighed all the arguments advanced by the respondent, and have endeavored to see if others could be conjured up on his behalf, and find none that causes us to doubt that the appropriations were within the authority of the city council that made them.

Respondent's demurrer is overruled and it is ordered that a peremptory writ of mandate issue pursuant to the petition.

Desmond, P. J., and Shinn, J., concurred.